JULIA ALEXANDER, Respondent, v. J. S. Mc-
NALLY, Appellant.

**Kansas City Court of Appeals, May 8, 1905.**

1. **COMMON CARRIERS: Delivery: Evidence.** A transfer man received a valise to be delivered to a station agent. He deposited it on the platform of the station house and it was lost. *Held,* there was no delivery but an abandonment.

2. ———: ———: **Custom: Evidence.** Evidence relating to a custom of the delivery of hand baggage at a station is considered and held insufficient to establish a custom so as to relieve from liabilty a transfer man so leaving the baggage which was lost.

3. ———: ———: **Owner: Evidence.** The fact that the transfer man was misled as to the owner of the baggage in this instance is immaterial since the evidence shows that while the transfer man was accustomed to take the supposed owner to the station, he had never had hand baggage with him.

4. **TRIAL PRACTICE: Evidence: Peremptory Instruction.** The rule that where testimony is all one way and the answer is a denial the evidence may go to the jury is not applicable where the defendant's evidence with the admitted facts makes plaintiff's case.

5. **PRACTICE: Pleading: Answer: Evidence.** That a part of an answer was stricken out can make no difference where the evidence developed the whole case and that of the defendant made it necessary to direct a verdict.

Appeal from Livingston Circuit Court.—*Hon. John P. Butler,* Special Judge.

AFFIRMED.

*Sheetz & Sons* for appellant.

(1) The court erred in striking out part of the answer of the defendant. 3 Am. & Eng. Ency. Law (2 Ed.), 563; Green v. Railroad, 38 Iowa 100; s. c., 41 Iowa 410; 5 Am. and Eng. Ency. of Law (2 Ed.), 184. (2) The court erred in giving the peremptory instruction to the

jury. It was a question of fact for the jury under all the evidence, what the contract was between the plaintiff and the defendant; and whether defendant had fully performed his part thereof; and whether he had delivered the baggage to the railway company; and whether he or plaintiff was negligent on account of which the baggage was lost. 5 Am. and Eng. Ency. of Law (2 Ed.), 563; Transfer Co. v. Isaacs (Tex. Ct. App.), 40 S. W. 39. (3) The court erred in refusing defendant's demurrer to the evidence. All the testimony showed that defendant was in no wise negligent, and that the baggage was lost by the negligence of plaintiff, and that when it was lost, it was in the custody of the railway company, and that this company was responsible to the plaintiff; and not the defendant.

*Paul D. Kitt* and *J. M. Davis & Sons* for respondent.

(1) Defendant in transporting the grip containing the wearing apparel in question from the Milwaukee depot to the Wabash depot was a common carrier, and liable as such. Kirby v. Express Co., 2 Mo. App. 374; Parmelee v. Lowitz, 74 Ill. 116, 24 Am. Rep. 276; Robertson v. Kennedy, 36 Ky. (2 Dana) 430, 26 Am. Dec. 466; 6 Am. & Eng. Ency. Law (2 Ed.), 253; DePorte v. Transfer Co., 42 La. Ann. 696; Richards v. Wescott, 2 Bosw. (N. Y.) 589; Verrier v. Sweitzer, 32 Pa. St. 203; Dibble v. Brown, 12 Ga. 217, 56 Am. Dec. 460. (2) The responsibility of the defendant as a common carrier did not end by the mere fact that he reached the Wabash depot and unloaded the grip out of the vehicle in which it was transported, onto the platform; he must have delivered it to the owner or to the railroad company as warehouseman, and the carrier's liability does not end until that of the owner or warehouseman begins. Railroad v. Warren, 16 Ill. 502; 63 Am. Dec. 317; Sutherland v. Express Co., 32 N. Y. Sup. Ct. 260, 40 How. Prac. 468; Bartlett v. Steamboat, 32 Mo. 256; Chillicothe v. Ray-

Alexander v. McNally.

nard, 80 Mo. 185; Railroad v. Naive (Tenn.), 79 S. W. 124; Ostrander v. Brown, 15 Johns. Rep. (N. Y.) 43. (3) After the plaintiff showed the delivery of the baggage to the carrier and its loss then the burden of proof was upon the defendant to prove that the loss of the goods did not occur from any cause for which he was responsible. Lawson on Contract of Carriers (1 Ed.), 369, 5 Am. and Eng. Ency. Law (2 Ed.), 355; Davis v. Railway, 89 Mo. 349-50; Green v. Railroad Co., 56 Mo. 556; George v. Railway, 57 Mo. App. 362-3. (4) And to relieve himself of his liability he must show that the damage was occasioned either by the act of God, the public enemy, or unavoidable accident. Dagget & Price v. Shaw, 3 Mo. 264; Kirby v. Express Co., 2 Mo. App. 374; Davis v. Railway, 89 Mo. 349; Green v. Railroad Co., 56 Mo. 1. c. 558; Hill v. Sturgeon, 28 Mo. 323; Castigan v. Trans. Co., 33 Mo. App. 287; Rial v. Railroad, 60 Mo. 206; 2 Am. and Eng. Ency. Law (1 Ed.), 902. (5) The court committed no error in instructing the jury to find a verdict for the plaintiff for the amount sued for, the value of the articles lost being admitted, and plaintiff's case having been made out by legal evidence undisputed by facts or circumstances, and there being in the opinion of the trial court nothing to dispute plaintiff's case, she was therefore entitled to a peremptory instruction. The court should not submit a cause to a jury when a verdict would not be permitted to stand. Bank v. Hainline, 67 Mo. App. 483, and cases cited; Brewing Co. v. Lindsay, 72 Mo. App. 591; Hendley v. Refining Co., 106 Mo. App. 27, citing May. v. Crawford, 150 Mo. 527; Lumber Co. v. Muehlebach, 109 Mo. App. 646; 83 S. W. 547; Kingsbury v. Joseph, 94 Mo. App. 304; Foster v. Lange, 80 Mo. App. 238; Green v. Railroad, 56 Mo. 556; Wilson v. Pearl, 148 Mo. 449.

ELLISON, J.—The defendant is a common carrier operating transfer vehicles in the city of Chillicothe. Plaintiff instituted the present action charging that she

delivered to him her valise containing valuable articles of baggage with instructions to take the same to the station of the Wabash railway in said city and there deliver it to the station agent. That while the defendant undertook to do so, yet he failed, and instead of delivering to the agent, he placed the same on the station platform, outside of the building, and left it without any one in charge thereof. That in consequence of such action the valise and contents were lost or .stolen and have never been recovered. The trial court gave a peremptory instruction directing a verdict for the plaintiff and defendant appealed.

It appears that plaintiff, a young lady residing in Gallatin, Daviess county, had been visiting the family of Mr. Rucker at Chula in another county. She left there for her home and in company with Mr. and Mrs. Rucker took the Milwaukee & St. Paul train at Chula for Chillicothe where she would transfer across the city to the Wabash railway, which passed through her home place. Mr. Rucker telephoned defendant to meet him at Chillicothe with a carriage at the station of the Milwaukee road, which he did. There, Mr. Rucker delivered plaintiff's check or valise to defendant and then with his wife and plaintiff got into defendant's carriage which took Mr. Rucker to the hotel and then carried the ladies to a friend's house in another part of the city. Plaintiff was expecting to meet her father at Chillicothe and did not take the Wabash train for her home until the next evening.

The articles lost and their value, as alleged by plaintiff, were conceded to be correct and the only question in the case is whether the evidence made an issue of fact so as to entitle defendant to the opinion of the jury. The evidence in behalf of each party showed a delivery of the valise to defendant as a carrier, and there is no dispute as to its loss. In such circumstances *it devolved on defendant to account for it.* [Hill v. Sturgeon, 28 Mo. 323, 327; Read v. Railway Co., 60 Mo. 199, 206.] To

properly account for it he should have shown a delivery to the agent at the Wabash station. The evidence to show such delivery as given by defendant himself was that he took it to the station and deposited it on the platform outside of the building among a large number of people, and there left it without putting it in charge of anyone and not knowing what became of it. That did not show a delivery to the agent or any other person; on the contrary, it shows an abandonment.

If we should concede that a custom of the Wabash Railway Company to receive hand baggage by having it merely deposited on the platform outside the station building, would excuse and justify defendant in so leaving the valise in controversy, defendant could not be benefited by such concession for he failed to show such custom. On that head, defendant stated that the platform was the place where he always put hand baggage. But that by no means shows a custom of the company to receive it there. For aught that can be known from the evidence, the company may have frequently cautioned him against such careless conduct. Defendant was asked if the station agent knew that he always left hand baggage on the platform. On plaintiff's objection he was not allowed to answer that question. For the purpose of a proper consideration of the peremptory instruction we will assume that he would have answered yes. Yet that, without more, would not have shown consent on the part of the agent to receive it there for the company. It may have been left in that way against the protest of the agent. Again, the agent may have known that defendant placed hand baggage on the platform for those intending to become passengers and with intent to himself deliver to such persons and not to the company. The evidence, therefore, of defendant himself not only fails to excuse, but it condemns him.

It was a part of defendant's contention that he did not know the valise belonged to plaintiff; that the check for it and the direction to take it to the Wabash station

came from Mr. Rucker.  The mere mistake of defendant as to who was the true owner would not, ordinarily, affect his duty in the premises.  But he seeks to make it important in this particular case from the consideration that (as stated in his brief) he had often taken Rucker to the Wabash station and placed his baggage on the platform, and that supposing the baggage in this instance was Rucker's, he did with it as he had done before.  But the evidence falls short of sustaining such position.  It does not show he had ever handled baggage for Rucker.  He merely stated that he had frequently taken Rucker himself to the station but said nothing as to baggage.

Considering the case from the evidence in defendant's behalf, in connection with the admitted facts, it appears that he received the baggage as a carrier and that he took it to the railway station and deposited it on the platform without delivery either to the agent or to the party who entrusted it to him.  He has wholly failed to justify or excuse such action and consequently the trial court could do nothing less than direct a verdict for the plaintiff.

Defendant insists that even when testimony is all one way in a plaintiff's behalf, yet that when there is a denial by the answer, the evidence is for the jury and is addressed to the consideration of a jury and should be determined by that body, since they have a right to say whether they believed it.  Such question was considered by us in Bank v. Hainline, 67 Mo. App. 483, and other cases since.  But that question does not present itself here; for here, the evidence in defendant's behalf in connection with facts admitted, as before stated, make out plaintiff's case.

We find nothing in the point made as to striking out parts of the answer.  Since the evidence developed the whole case, and, as already stated, the evidence of the defendant himself made it necessary to direct a verdict.

The judgment is affirmed.  All concur.